# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD GREGORY | : | Civil No. 1:09-CV-2020 |
| Plaintiff, | : | |
| v. | : | (Chief Judge Kane) |
| THE MEDICAL-DENTAL BUREAU OF YORK AND ADAMS COUNTY, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case.

This is an action brought by Todd Gregory under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. In his complaint, Gregory alleges that he was subjected to unfair and unlawful debt collection practices by the Defendants, and seeks attorney's fees and damages. (Doc. 1.) Gregory's complaint also makes class action allegations, asserting that he may represent a broader class of affected consumers. (Id.) While the Plaintiff has made these class allegations in the complaint, a review of the docket in this case reveals that the parties have made no further effort to address these class certification issues with the district court. Thus, no motion for class certification has been filed by the Plaintiff. Moreover, the scope of the discovery

proposed by Plaintiff's counsel in this action in the case management plan would not appear to be consistent with a broad ranging class action lawsuit. (Doc. 16.)[1]

On June 15, 2010, this case was referred to the undersigned for resolution of a discovery dispute between the parties. (Docs. 19 and 20.) This discovery dispute relates to three requests for admissions propounded by the Defendants, and objected to by the Plaintiff. The three requests for admission, and the Plaintiff's objections, are set forth below:

> 1. You did not notify Defendant in writing within 30 days of receipt of the first correspondence from Defendant that you disputed the validity of the underlying debt Defendant was seeking to collect from you.
>
> Response: Objection to relevance. Whether Plaintiff disputed the alleged debt has no bearing on whether Plaintiff committed an FDCPA violation in the letter complained of.
>
> * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
>
> 3. On at least one occasion since 1/15/09, you have disposed of one or more items received in the mail without opening or looking at the item(s).
>
> Response: Objection to relevance. Whether Plaintiff disposed of one or more items received in the mail without opening the item has no bearing on whether Plaintiff committed an FDCPA violation. Plaintiff also objects because the question is overly broad and vague.
>
> * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

[1] For example, in this case management plan the Plaintiff proposed to take no more than 2 depositions in this lawsuit.

4. Admit that of the 16 or more FDCPA cases filed by your attorney, only one has been tried and all others were dismissed.

Response: Objection to relevance. Whether Plaintiff's attorney has tried, won, lost or settled cases has no bearing whatsoever on the merits of Plaintiff's FDCPA claim. It should be noted that this action has not yet been certified for class treatment. If Defendant is asking this question to challenge the competency of Plaintiff's counsel for purposes of representing the class, Plaintiff further objects. Defendant does not have standing to raise this issue. Only class members or the Court have standing to challenge Plaintiffs counsel's competency to represent the class.

Following submissions of letters by the parties and a conference with counsel (Docs. 21-26), the Court ordered the Defendants to file a motion to compel and instructed the parties to submit briefs regarding this discovery issue. (Doc. 27.) Those briefs have now been filed by the parties, (Docs. 29-32), and this matter is ripe for resolution.

For the reasons set forth below, the Motion to Compel will be GRANTED, in part, and DENIED, in part.

**II.    Discussion**.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense –

including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

In addition as the Supreme Court has observed:

Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. On its own motion, the trial court "may alter the limits in [the Federal Rules] on the number of depositions and interrogatories and may also limit the length of depositions under Rule 30 and the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules ... shall be limited by the court if it determines that ... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2).

Additionally, upon motion the court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c). And the court may also set the timing and sequence of discovery. Rule 26(d).

Crawford-El v. Britton, 523 U.S. 574, 598-599 (1998).

Thus, this motion to compel, and the Plaintiff's response in opposition to this motion, call upon the Court to exercise its authority under the Federal Rules of Civil

Procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court, Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987), and a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

Turning to the disputed requests for admissions propounded by the Defendants, we note that the first two requests for admission, Requests for Admission Number 1 and 3, relate to the chronology of events between the parties and seek information concerning that chronology of events. Specifically, the Defendants seek information regarding whether Gregory may have discarded the initial notice sent to him, and seek confirmation that Gregory never disputed this debt.

With respect to these two discovery requests, the Defendants explain their relevance as follows:

> As part of its Answer, New Matter and Affirmative Defenses, Defendant has pled, among other things, the order in which it sends collection notices . . . . RFA #1 and #3 go to th[is issue.] The crux of the instant suit is Plaintiff's claim that the document attached to his Complaint does not contain certain language mandated by the FDCPA (and is therefore in violation of the statute). Defendant agrees that the language is not present, but argues that since the document was not the first sent to Plaintiff, and the first did contain the mandated language, there is no FDCPA violation. Alternatively, Defendant argues that it has a standard procedure in place for sending out collection notices, and that if there

5

> was deviation from such procedure in this case, same was inadvertent, such that there is no FDCPA violation (and no liability).

(Doc. 29, p. 4.)

Given the defenses tendered in this case, we find that Requests for Admission 1 and 3, may lead to the discovery of relevant, admissible evidence, and we will GRANT the motion to compel these answers. In this regard, we note that the timing and sequence of the letters received by Gregory, and the nature of Gregory's response, if any, to these letters may have relevance to the factual issues presented in this case. Under the Fair Debt Collection Practices Act, follow-up letters do not need to contain all of the information set forth in an initial debt collection letter. See Durkin v. Equifax Check Services, Inc., 430 F.3d 410 (7th Cir. 2005). The Defendants are defending this case based upon an assertion that the letters which are the subject of the Plaintiff's complaint are follow-up letters, which are judged by a less stringent standard. Therefore, requests for admissions regarding the chronology of events here, and questions concerning whether the Plaintiff may have discarded prior letters, are relevant to the issues properly raised in this case.

As for the final disputed request for admission, Request Number 4, that request reads as follows:

> 4. Admit that of the 16 or more FDCPA cases filed by your attorney, only one has been tried and all others were dismissed.

6

The ostensible justification for this request for admission advanced by the Defendants is that the request for admission is relevant both to the question of attorney's fees and to the issue of whether Plaintiff's counsel is an appropriate class counsel in the event of class certification.(Docs. 29 and 32.) Plaintiff's counsel persists in an objection to this question, arguing that the Defendants lack standing to seek discovery in support of objections to class certification and asserting questions concerning "Plaintiff's counsel's litigation tract [sic] record," are not relevant to issues concerning the amount of attorney's fees that may be awarded here. (Doc. 31.)

We will DENY the motion to compel an answer to this request for admission, but not on the grounds advanced by the Plaintiff. At the outset, we reject the Plaintiff's invitation to deny this request on standing and relevance grounds. We decline this invitation first because we believe that the Defendant in a proposed class action clearly has standing to object to class action certification. See, Osborn v. Pennsylvania-Delaware Service Station Dealers Ass'n., 499 F.Supp. 553 (D.Del. 1980)(entertaining defendants' objections to class certification). In fact, Rule 23 expressly contemplates parties' objecting to class certification, and even permits appeals of such class certification orders, F.R.Civ.P. 23(f), thus clearly envisioning some standing for Defendants on this issue. Moreover, in the past the United States

Court of Appeals for the Third Circuit has expressly entertained on the merits challenges by defendants to the adequacy of plaintiff's class counsel without questioning whether the defendants had standing to address class counsel issues. Wetzel v. Liberty Mutual Insurance Co., 508 F.2d 239 (3d Cir. 1975).

Further, we find that questions concerning the experience of counsel in a particular field of litigation may be relevant to the question of appointment of a specific attorney as class counsel. In this regard we note that the test for adequacy of class counsel specifically considers this issue. Under Rule 23, when appointing class counsel in class action litigation:

> [T]he district court's task is to address whether "the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously, that he or she has obtained adequate counsel, and that there is no conflict between the individual's claims and those asserted on behalf of the class." Hassine, 846 F.2d at 179. "Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." Wetzel v. Liberty Mut. Ins. Co., 508 F.2d 239, 247 (3d Cir.1975).

Weber v. Government Employees Ins. Co., 262 F.R.D. 431, 442 (D.N.J.,2009) Therefore, these questions relating to the background, experience and past performance of putative class counsel may also have some relevance here. See, Lewis v. Ford Motor Co., No. 09-164, 2009 WL 2750352 (W.D. Pa. 2009)(finding putative class counsel to be inadequate citing lack of experience).

Yet, while we reject the Plaintiff's standing and relevance objections, in the exercise of our discretion we will deny the motion to compel this discovery because we regard the request as wholly premature. Typically, it is incumbent upon Plaintiff's counsel to separately move for class certification, see, East Texas Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 404-405 (1977), something which has not yet occurred here. While the failure of Plaintiff's counsel to move for class certification may "bear strongly on the adequacy of the representation that those class members might expect to receive", id., the failure to file such a motion also leads the Court to conclude that discovery aimed at the adequacy of class counsel is premature at this time. Similarly, we find that discovery concerning the proper measure of attorney's fees is premature and should be deferred until such time, if any, as it may become relevant to this litigation. Accordingly, for the foregoing reasons, with respect to Request for Admission Number 4, we will deny this motion to compel, without prejudice to renewal of the motion at some later date, should the issue of fees and class certification become more timely and relevant to the on-going litigation.

### III. Conclusion.

In accordance with the accompanying memorandum, IT IS ORDERED that the Defendant's motion to compel (Doc. 28) is granted with respect to Requests for Admission Number 1 and 3, but is DENIED at this time with respect to Request for Admission Number 4.

So ordered, this 26th day of July, 2010.

*S/Martin C. Carlson*
**United States Magistrate Judge**